Wendell L. SOUTH et al., Appellants,

v.

Porter WALLACE et al., Appellees.

Court of Appeals of Kentucky.

Nov. 10, 1961.

L. A. Faurest, Faurest & Collier, Elizabethtown, for appellants.

Clarence Bartlett, Owensboro, Allen P. Cubbage, Leitchfield, Woodward, Bartlett & McCarroll, Owensboro, for appellees.

WADDILL, Commissioner.

Appellees brought this action against appellants seeking to cancel, on the ground of fraud and deceit, certain contracts they signed in connection with their acquisition of appellants' florist business. Appellants denied the allegation of fraud·and deceit and by counterclaim sought enforcement of appellees' contractual obligations with them.

The trial court entered judgment granting appellees the relief sought. For reversal it is urged that the evidence is not sufficient to authorize the cancellation of these contracts.

Appellants, Wendell L. South and his wife, operated a retail florist business in a building owned by them. Following the sale of this business to the appellees, Porter Wallace and his wife, a controversy arose which resulted in the filing of this action. .

There was testimony that Mr. South told the Wallaces his business was a "gold mine" which grossed $2,000 a month and that he produced purported records of his florist business verifying his claim. The Wallaces testified that they relied upon these representations and purchased the business but soon learned that the income from the business was much less than represented by Mr. South. The Wallaces further testified that the fraud perpetrated·by Mr. South has resulted in a substantial financial loss to them. The trial judge found that the representations made to the Wallaces by Mr. South were false and known by the latter to be false, and that they 'were made for the purpose of deceiving and·inducing the Wallaces to enter into the contracts in question. . The court concluded that the Wallaces had signed the contracts relying upon Mr. South's representations, and that the contracts were obtained by fraud.

 Since the trial court chose to believe appellees' testimony, which clearly establishes actionable fraud on the part of appellants, the judgment is sustainable.

Judgment affirmed.